H. C. AURAND v. STATE OF OHIO.

BELIEF OR REASONABLE GROUND FOR BELIEF OF IMMINENCE OF DANGER TO ACCUSED ESSENTIAL ELEMENTS OF SELF-DEFENSE.

A charge to the jury in a prosecution for assault and battery in which self-defense is asserted, is erroneous where it instructs the jury that the burden is on the defendant to show that he was in actual danger, that the exigency demanded self-defense and that he used no more force than was actually necessary, ignoring any question as to a reasonable belief that he was in danger and that the force used was necessary to his defense.

[Syllabus approved by the court.]

ERROR to Huron common pleas court.

**McKnight & Thomas,** for plaintiff in error:

Cited and commented upon the following authorities: *State v. Johnson,* 58 Ohio St. 417 [51 N. E. Rep. 40; 65 Am. St. Rep. 769]; *People v. Rodrigo,* 69 Cal. 601 [11 Pac. Rep. 481]; *State v. Shea,* 104 Iowa 724 [74 N. W. Rep. 687]; *Commonwealth v. McKie,* 67 Mass. (1 Gray) 61 [61 Am. Dec. 410]; *United States v. Lunt,* 1 Sprague 311 [26 Fed. Cas. 1021; 18 Law Rep. 622]; *People v. Shanley,* 30 Misc. 290 [62 N. Y. Supp. 389]; *State v. Schmidt,* 19 S. Dak. 585 [104 N. W. Rep. 259]; *State v. Fowler,* 52 Iowa 103 [2 N. W. Rep. 983]; *People v. Lynch,* 101 Cal. 229 [35 Pac. Rep. 860]; *Marts v. State,* 26 Ohio St. 162; *Goins v. State,* 46 Ohio St. 457 [21 N. E. Rep. 476]; *Darling v. Williams,* 35 Ohio St. 62; *Jordan v. State,* 7 Circ. Dec. 133 (13 R. 471); *Stewart v. State,* 1 Ohio St. 66; *Bennett v. State,* 4 Circ. Dec. 129 (10 R. 84).

**Don J. Young,** for defendant in error.

**WILDMAN, J.**

In this case Dr. H. C. Aurand was indicted for an assault upon one Harry Tuck with malicious intent to disfigure him and was con-

### Aurand v. State,

victed in common pleas court of assault only. To reverse the judgment of the court of common pleas, this proceeding is instituted here.

A number of errors are presented, but specific attention need be given to but one which seems to us of sufficient importance to justify very careful consideration.

The charge of the court given to the jury after argument is brief and in but one part of it, touches the question of asserted justification of self-defense. The language of the court is found on page 132 of the bill of exceptions and is as follows:

"In behalf of the defendant, it is claimed, that if he injured Tuck he was acting in so doing in defense of his own person.

"A person unlawfully assaulted by another may use all the force necessary to repel the assault, but no more. Self-defense under such circumstances is in law a justification.

"The burden is on the defendant to prove by a preponderance of the evidence that he acted in self-defense. It is not enough for him to show that he was so acting, but it must further appear that no more force was used by him than the exigency necessarily demanded. If he were guilty of an unreasonable and disproportionate degree of violence toward the person of another, he is liable for the excess of force used by him beyond what was reasonably necessary under the circumstances."

And on page 133, the court is reported to have said:

"While the burden is on the defendant to show by a preponderance of the evidence that if he assaulted Tuck, he was justified by the necessity of self-defense in so doing, in all other respects, as to every material question in the case, the burden is on the state."

In the case of *Marts* v. *State*, 26 Ohio St. 162, 163, in the second paragraph of the syllabus, the Supreme Court laid down this rule applicable to this class of cases and indeed applicable and applied to a case of homicide. The paragraph referred to is as follows:

"Homicide is justifiable on the ground of self-defense, where a slayer, in the careful and proper use of his faculties, *bona fide* believes and has reasonable ground to believe, that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be by taking the life of his assailant, though in *fact* he is mistaken as to the existence or imminence of the danger."

The rule so expressed has been repeatedly followed in later adjudications of the Supreme Court and other courts of the state.

I would cite without reading, the case of *Darling* v. *Williams*, 35 Ohio St. 58, and especially the language of Judge Boynton on page 62;

also the case of *Goins* v. *State*, 46 Ohio St. 469 [21 N. E. Rep. 476]. I might cite others, but it is sufficient to say that there has been no departure from the rule, and it becomes important, for this reason, to determine whether the trial court in the case at bar has given the jury an opportunity to apply it in behalf of the defendant. There is no reference in the charge from beginning to end, to the belief of the defendant that any action was necessary on his part to defend himself, either in striking Tuck in the first instance, or in continuing to strike him afterwards in the assumed defense of his own person. Indeed, hardly any inference could be drawn by the jury from the language of the court other than that he would have no right to use more force than was actually necessary to defend his person, or, he would have no right to strike the other except in such an exigency as actually demanded defense; and although it might be a case where there was no danger, yet the surrounding circumstances, taking the appearance of the other party to the affair, might be such that the accused fully believed that he was in danger and had reasonable ground for such belief.

We have been unable to find any language in the charge anywhere, or in any instruction given before or after argument at the request of counsel, that relieves this instruction in the general charge from the infirmity to which I have invited attention.

Our judgment is that the court's language constituted prejudicial error, and for this reason, the case should be reversed.

We have examined critically the testimony of the witnesses and such other evidence as appears in the way of exhibits, and we have discovered no other prejudicial error in the case, but for the instruction to which I have referred, in the general charge, the judgment of the court below will be reversed and the cause remanded for a new trial.

**Parker** and **Kinkade, JJ.,** concur.